## STATE BOARD OF CONTROL v. HERMAN FECHNER.[1]

October 12, 1934.

No. 30,054.

[1]Reported in 256 N. W. 662.

A. B. *Childress,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, and *William D. Gunn,* for respondent.

*I. M. OLSEN, Justice.*

Herman Fechner, herein referred to as the defendant, appeals from an order of the district court denying his motion for a new trial.

After hearing in the probate court of Rice county, the defendant was adjudged to be a feeble-minded person and was committed to the care and custody of the state board of control. He took an appeal to the district court, where the matter was tried *de novo,* and the district court found that he was feeble-minded and mentally defective and required supervision, control, and care, for his own and for public welfare. The district court accordingly affirmed the order of the probate court. Motion for a new trial was made and denied, and this appeal followed. It may be noted that there was joined with the motion for a new trial a motion to amend the findings and conclusion of the court so as to find that defendant was not feeble-minded, and to conclude that he be not committed to the care and custody of the board, which motion was also denied.

The appeal here raises the one question of the sufficiency of the evidence to sustain the findings of the trial court. The following brief outline of evidentiary facts, either not in dispute or which the court could reasonably find true, may be made:

On three occasions, the last being in August, 1933, the defendant was examined by what is known as the Kuhlman-Binet intelligence test, consisting of questions, diagrams, and charts which the subject is asked to answer, examine, and explain. His answers and responses are graded on a percentage basis. The results showed an intelligence percentage varying from 55 to 62 as compared with a standard of 95 to 105. The examiner testified that these tests reflected a mental age of eight years and six months. Witnesses

testified that defendant, from time to time, had spells or outbreaks in and around the home where he lived when he would curse and swear in a loud voice, pound on walls, be so noisy as to disturb the neighbors, and use language unfit for children in the neighborhood to hear. An attendant at an oil station testified to an attempt by defendant to take indecent liberties with his person. A statement in writing, signed by defendant, given to the police officers, admitted the charge made by the oil station attendant and admitted like improper conduct with one other man. Defendant denied these charges. He had been arrested and tried on the charge of attempted assault on the oil station attendant, and the jury had disagreed. Three medical men and the mental examiner at the school for feeble-minded, who qualified as experts, were all present at the trial and heard the testimony of the witnesses for and against defendant and heard and observed defendant testify. Each gave his opinion, based on the evidence presented, that defendant was feeble-minded.

The evidence so presented was sufficient to sustain the findings and conclusion of the trial court.

There was opposing evidence. Defendant is an unmarried man, now about 45 years of age. He had no serious trouble until the time of the claimed trouble with the oil station attendant about a year before this proceeding was commenced. Up to that time he had been quite.regularly employed as janitor and fireman in buildings in the city of Faribault. His parents, with whom he lived, made no complaint and testified in his favor. Other witnesses, tenants of buildings where he was janitor, testified that his conduct there was good and no complaints heard. He had served in the army a short time and had an honorable discharge. Some of the neighbors testified that they had not been disturbed by him. These were facts for the consideration of the trial court; but upon the testimony as a whole there was evidence which would sustain the trial court in finding either way on the decisive issues in the case. The weight of the evidence was for that court to determine.

A point is made of the fact that, in a like proceeding a year before this proceeding was commenced, the probate court found the

defendant to be feeble-minded and made an order committing him to the care and custody of the state board of control, but that, on appeal to the district court in that case, the district court found that defendant was not so feeble-minded as to justify committing him and reversed the order of the probate court. It is urged that this should operate as a prior adjudication or *res judicata* here. While the evidence in this case appears to be much the same as in the former case, there are some additional facts presented. There is no statute, as far as called to our attention, prohibiting the bringing of a second proceeding of this kind after denial of a former application. The proceeding is not an action at law or governed strictly by the rules applicable in a lawsuit.

The state board of control has ample discretionary power, under 2 Mason Minn. St. 1927, § 8960, L. 1927, c. 231, to do whatever it may deem best for the care and supervision of this defendant. It is for that board to determine whether he shall be placed in a state institution or other home or be left in his present home under such supervision as may be required.

Order affirmed.

