STATE EX REL. HERMAN FECHNER v. C. R. CARLGREN
AND OTHERS.
CARL W. SWANSON AND WALTER W. FINKE,
ADDITIONAL RESPONDENTS.[1]

February 7, 1941.

No. 32,596.

*John H. Horeish,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *Kent C. van den Berg,* Special Assistant Attorney General, for respondents.

[1]Reported in 296 N. W. 573.

GALLAGHER, CHIEF JUSTICE.

Relator appeals from an order of the district court denying his application for a peremptory writ of *mandamus* requiring the state board of control (now respectively the director of public institutions and the director of social welfare of the state department of social security) to fix the amount of bond for his release and upon the filing of such bond to release him from the St. Peter State Hospital, where he is confined in a ward for the dangerously insane.

The trial court found that on August 4, 1933, after hearing, in the probate court of Rice county, relator was adjudged to be a feeble-minded person and that he was committed to the care and custody of the state board of control; that he was thereafter taken to the state school for the feeble-minded at Faribault and there confined until May 25, 1939, when he was transferred to the state hospital for the insane at St. Peter; that he was an inmate of that institution at the commencement of these proceedings; and that he has taken all the steps necessary to require the proper state officials to fix the amount of bond for his release from custody should he be entitled to release, but that said state officials have refused and still refuse to do so. The court concluded that relator was not entitled to the relief petitioned for and dismissed the alternative writ.

Relator does not question the findings of fact but contends (1) that regardless of such findings he is entitled to his release from custody upon the filing of a bond approved by the proper state officials; and (2) that the provisions of the statute giving to respondents the care and custody of persons under guardianship are unconstitutional and void.

■ 2 Mason Minn. St. 1927, § 8960, in force when relator was committed, in part provided:

"Upon the request of the relatives or friends of any person alleged or found to be feeble-minded they may be permitted to take charge of such person; but in such case the State Board of Control may require and approve a bond from such relatives or

friends, running to the state, in a penal sum of not less than five hundred nor more than five thousand dollars, conditioned that such feeble-minded person shall be safely and adequately cared for and kept by the said relatives or friends and that they will indemnify and hold harmless the state and all political subdivisions, institutions and agencies thereof, from expense of any nature arising or resulting from any act or misconduct of such feeble-minded person committed while in their care."

By L. 1935, c. 72, § 196 (3 Mason Minn. St. 1940 Supp. § 8992-196), § 8960 was repealed, and in its place § 179 (*Id.* § 8992-179) was substituted, which reads:

"Any insane, inebriate, feebleminded, or epileptic patient committed to the state board of control or any institution under its control, may be released to any person if such board consent thereto or if a bond to the State be filed with such board in such amount as it may fix, conditioned upon the care and safekeeping of the patient and the payment of all expenses, damages, and other items arising from any act of such patient."

This is the section under which relator asserts his right to be released.

Legislation pertaining to feeble-minded persons appears to have originated in the theory of affording such persons an opportunity for education. G. S. 1891, § 3191. The early acts made no provision for release. L. 1917, c. 344, § 8, provided that if, upon examination, a person was found to be feeble-minded, the court should order him committed to the care and custody of the state board of control. That board was given power to place such feeble-minded person in an appropriate institution. When the superintendent of such institution became of the opinion that the person was not defective or no longer in need of institutional care, he had power to discharge him and to report such discharge to the board of control. Under the act, the friends and relatives of a person committed as feeble-minded could petition the probate court to show that guardianship was no longer required, and, if

the court so found, the person might be discharged. Section 12 of the act permitted release of an insane or inebriate patient to his relatives or friends, but the judge of probate or the superintendent of the institution might require a bond conditioned for the care and safekeeping of such person. There was no similar provision for release of feeble-minded persons until L. 1923, c. 260, amended L. 1917, c. 344, § 8, and added § 8A, which is the portion of 2 Mason Minn. St. 1927, § 8960, above quoted. These laws clearly show a legislative trend toward the idea of making the release of persons committed to the care and custody of the board of control discretionary rather than mandatory. While 3 Mason Minn. St. 1940 Supp. § 8992-179, does not state that intention as clearly as the prior laws, we nevertheless believe that the legislature intended to maintain the same policy with respect to the release of insane, feeble-minded, and inebriate persons. It seems to us that to construe § 8992-179 in the manner contended for by relator would tend to nullify the provisions of the statute with reference to the commitment of defectives. No claim is made in the present case that relator was not properly committed or that he is not a fit subject for confinement in the asylum at St. Peter. He contends that regardless of his status he is entitled to release upon the filing of a bond. In view of the history of the act, § 8992-179 cannot be given that interpretation.

■ We find no merit in relator's claim that 2 Mason Minn. St. 1927, § 8960, under which he was committed, was unconstitutional. It is argued that the law attempted to confer upon an administrative board power which, under the constitution, belongs to the probate court. The petition charging relator with being a feeble-minded person was filed in probate court. He was given a hearing in that court and was committed by it to the care and custody of the board of control. The commitment was sustained by the district court and by this court. State Board of Control v. Fechner, 192 Minn. 412, 256 N. W. 662. This constituted a judicial determination that relator should be subjected to restraint of liberty. He has not been deprived of his liberty without due

process. For the same reasons, 3 Mason Minn. St. 1940 Supp. § 8992-180, relating to the detention of insane or inebriate patients, in effect at the commencement of these proceedings, is also constitutional.

The order appealed from is affirmed.